COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

EINAR F. JARVINEN
                                         MEMORANDUM OPINION[*]
v.    Record No. 1763-98-4                    PER CURIAM
                                            MARCH 9, 1999
CLAIRE-LOUISE VOTAW

              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        F. Bruce Bach, Judge

            (Arlene L. Pripeton, on briefs), for
            appellant.  Appellant submitting on brief.

            (Paul R. Smollar; Kuder, Smollar & Friedman,
            P.C., on brief), for appellee.  Appellee
            submitting on brief.


     The trial judge ruled that the remarriage of Claire-Louise

Votaw prior to age fifty-five did not terminate her share of

Einar F. Jarvinen's benefits from the Foreign Service pension,

which was being paid to Jarvinen, the participant in the plan, at

the time of their divorce.  Jarvinen contends that the trial

judge erred (1) by ruling that Votaw's share of the pension would

not terminate under 22 U.S.C. §§ 4054 and 4071j; and (2) by

adding, more than twenty-one days after entry of the final

decree, provisions to the "Court Order Acceptable for Processing"

(COAP) that were not contained in the parties' agreement or the

final decree.  Upon reviewing the record and briefs of the

parties, we reverse the order.

_____

        *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Under 22 U.S.C. § 4071j(a)(1)(A), "[u]nless otherwise expressly provided by any spousal agreement or court order governing disposition of benefits under this part," a former spouse of a participant eligible for benefits under the Foreign Service Pension System is entitled to a share of those benefits "during the period described in subparagraph (B)."  Subparagraph (B) provides as follows:

> The period referred to in subparagraph (A) is the period which begins on the first day of the month following the month in which the divorce or annulment becomes final and ends on the last day of the month before the former spouse dies or remarries before 55 years of age.

22 U.S.C. § 4071j(a)(1)(B).

If the former spouse remarries before reaching fifty-five years of age and before any benefits have commenced, the former spouse receives no benefits.  See 22 U.S.C. § 4071j(a)(3).  See also Wilson v. Collins, 27 Va. App. 411, 419, 499 S.E.2d 560, 564 (1998) (interpreting 22 U.S.C. § 4054(a)(2), which has language analogous to 22 U.S.C. § 4071j(a)(3)).  Thus, under the statutory scheme, a former spouse who remarried before reaching age fifty-five would receive no benefits if the participant's benefits had not yet commenced.  If, however, the payment of the participant's benefits had begun, the period for which the former spouse was entitled to payments would cease as of the last day of the month preceding the remarriage.  The trial judge ruled in his letter opinion that Votaw's benefits would not terminate regardless of her marital status because the payment of

Jarvinen's benefits had begun before Votaw reached the age of fifty-five.  That ruling does not comport with the statute.

Neither the parties' agreement nor the final decree of divorce expressly waived the provisions of 22 U.S.C. § 4071j. See 22 U.S.C. § 4071j(a)(1)(A).  See also Wilson, 27 Va. App. at 419-22, 499 S.E.2d at 564-65.  The trial judge lacked authority to grant Votaw a share of Jarvinen's pension benefits regardless of her marital status.  By doing so, the judge added a substantive provision to the parties' agreement and the final decree.

Rule 1:1 prohibits modification of "all final judgments, orders, and decrees" beyond twenty-one days after the date of entry.  Although Code § 20-107.3(K)(4) allows the trial judge to "[m]odify any order entered . . . intended to affect or divide any pension, profit-sharing or deferred compensation plan or retirement benefits," that authority exists "only for the purpose of establishing or maintaining the order as a qualified domestic relations order or to revise or conform its terms so as to effectuate the expressed intent of the order."  Code § 20-107.3(K)(4).  The statute "does not empower trial courts to make substantive modifications . . . in the final divorce decree."  Caudle v. Caudle, 18 Va. App. 795, 795, 447 S.E.2d 247, 248-49 (1994).  See also Pearce v. Hoy, 29 Va. App. __, __, 508 S.E.2d __, __ (1999).

For these reasons, we reverse the trial judge's order and remand this case for entry of a COAP consistent with this opinion.

*Reversed and remanded.*